*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0129**

State of Minnesota,
Respondent,

vs.

Royce Ryan Teague,
Appellant.

**Filed August 18, 2014
Affirmed
Hudson, Judge**

Morrison County District Court
File No. 49-VB-13-1663

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Brian J. Middendorf, Morrison County Attorney, Todd E. Chantry, Assistant County Attorney, Little Falls, Minnesota (for respondent)

Gary R. Leistico, Keri A. Phillips, Rinke Noonan, St. Cloud, Minnesota (for appellant)

Considered and decided by Hudson, Presiding Judge; Stauber, Judge; and Kirk, Judge.

**U N P U B L I S H E D   O P I N I O N**

**HUDSON**, Judge

On appeal from his conviction of aiding and assisting setting a wildlife trap without identification, appellant argues that such a charge is not permissible under Minnesota statute, that he should have received a jury trial, and that the district court

erred by sua sponte amending the original charge to include aiding and assisting. We affirm.

## FACTS

Appellant Royce Ryan Teague was given a citation for setting or placing a trap without proper identification in violation of Minn. Stat. § 97B.928 (2012), a petty misdemeanor. Appellant contested the citation, and a bench trial was held. Joyce Kuske, the local game warden, testified that she received a tip about a man traveling in a camouflage vehicle checking roadside traps that did not appear to have the proper identification. She followed up on the call and found two traps without identification in the described location. Kuske testified that she suspected the traps belonged to appellant because of the description of the camouflage vehicle. Appellant was known to be a trapper in the area. Kuske photographed the traps and removed them. She also viewed appellant's Facebook page and discovered a picture of him with one of the traps in the same location. The photo showed a raccoon in the trap with the caption "[c]aught and released this morning . . . can't eat everything. Lots of laughs. Just wait till trapping season, though, other than skunk." One of the traps that Kuske confiscated had a missing handle, as did the trap in the Facebook photo.

Kuske spoke with appellant on the phone and told him that she had his traps. Appellant denied that he was missing any traps but agreed to meet Kuske at a gas station. Kuske testified that when she asked appellant why he would not admit that they were his traps, he replied "I can't admit that these are my traps because I will get revoked if I do." Kuske testified that appellant never claimed the traps belonged to someone else. Kuske

admitted that she knew appellant had "tended" the traps, but she did not know who initially set them. At the end of Kuske's testimony, appellant's attorney moved for a directed verdict, arguing that the state had not proved appellant actually set the traps, a requirement under the statute. *See* Minn. Stat. § 97B.928, subd. 1. The district court denied the motion.

J.T., appellant's girlfriend, testified that the traps belonged to her. J.T. testified that she set the traps to help appellant, who was making a skunk-trapping video, and that appellant checked the traps while she was at work. J.T. testified that she did not know the traps required identification. She testified that she was with appellant when they found the raccoon and that she had taken the Facebook photo. Appellant testified that he knew J.T. had set the traps in early September and corroborated J.T.'s testimony about the raccoon. He testified that after they released the raccoon, he let J.T. reset the trap.

The district court concluded that the statute only addresses "setting or placing a trap" without identification, and therefore placed no significance on the fact that appellant was seen checking the trap. But the district court concluded that the day the Facebook photo was taken, appellant must have assisted J.T. in resetting the trap after they released the raccoon, and therefore convicted appellant of "aiding and abetting . . . and assisting each other" in setting a trap without identification. This appeal follows.

## D E C I S I O N

## I

Appellant first argues that the district court erred by convicting him of aiding and abetting the failure to identify a trap because it is not possible to aid and abet a petty

3

misdemeanor under Minn. Stat. § 609.05 (2012). Respondent argues that although the district court used the term aiding and abetting, the authority for appellant's conviction came not from section 609.05, but rather from the game and fish laws, which contain the offense of aiding and assisting a violation of those laws. Statutory construction and interpretation issues present questions of law reviewed de novo. *Lee v. Lee*, 775 N.W.2d 631, 637 (Minn. 2009).

Appellant was charged with one count of placing or setting a trap without proper identification, a petty misdemeanor. Minn. Stat. § 97B.928, subds. 1(a), 3. Subdivision 1(a) provides:

> A person may not set or place a trap or snare, other than on property owned or occupied by the person, unless the following information is affixed to the trap or snare in a manner that ensures that the information remains legible while the trap or snare is on the lands or waters:
> (1) the number and state of the person's driver's license;
> (2) the person's Minnesota identification card number;
> (3) the person's name and mailing address; or
> (4) the license identification number issued by the Department of Natural Resources.

A petty misdemeanor is defined as "a petty offense which is prohibited by statute, which does not constitute a crime and for which a sentence of a fine of not more than $300 may be imposed." Minn. Stat. § 609.02, subd. 4a (2012). Appellant argues that it is not possible to be convicted of aiding and abetting a petty misdemeanor because petty misdemeanors are not crimes. Under the criminal aiding-and-abetting statute, "[a] person is criminally liable for a crime committed by another if the person intentionally aids, advises, hires, counsels, or conspires with or otherwise procures the other to commit the

4

crime." Minn. Stat. § 609.05. "'Crime' means conduct which is prohibited by statute and for which the actor may be sentenced to imprisonment, with or without a fine." Minn. Stat. § 609.02, subd. 1 (2012). Because a petty misdemeanor is not a crime and not punishable by imprisonment, appellant is correct that he could not be convicted of aiding and abetting a petty misdemeanor under section 609.05.

But we agree with respondent that despite the district court's wording, appellant was properly convicted of aiding and assisting a violation of the game and fish laws. Under Minn. Stat. § 97A.301, subd. 1 (2012), "[u]nless a different penalty is prescribed, a person is guilty of a misdemeanor if that person: (1) takes, buys, sells, transports or possesses a wild animal in violation of the game and fish laws; (2) aids or assists in committing the violation." Pertinent here, "taking" is defined as "pursuing, shooting, killing, capturing, trapping, snaring, angling, spearing, or netting wild animals, or placing, setting, drawing, or using a net, trap, or other device to take wild animals. Taking includes attempting to take wild animals, and assisting another person in taking wild animals." Minn. Stat. § 97A.015, subd. 47 (2012).

Appellant's conduct plainly falls under the conduct prohibited by Minn. Stat. § 97A.301, subd. 1(1), (2) (2012). The definition of "taking" includes setting a trap, and the district court concluded that appellant assisted J.T. in setting the trap after they released the raccoon. *See* Minn. Stat. § 97A.015, subd. 47. Appellant does not challenge the district court's factual findings on appeal. We conclude that the district court did not err by convicting appellant of aiding and assisting setting a trap without identification in violation of Minn. Stat. § 97A.301, subd. 1(1), (2). Because the offense of setting a trap

without identification is a petty misdemeanor, aiding and assisting that offense is also a petty misdemeanor. *See* Minn. Stat. § 97A.301, subd. 1 (stating that aiding and assisting the violation of a game and fish law is a misdemeanor "[u]nless a different penalty is prescribed"). Accordingly, appellant's argument that the district court erred by failing to give him a jury trial is also without merit because the punishment for a petty misdemeanor only includes "a fine of not more than $300." Minn. Stat. § 609.02, subd. 4a. The right to a jury trial attaches only in cases involving offenses punishable by incarceration. Minn. R. Crim. P. 26.01, subd. 1(1)(a).

## II

Appellant next argues that the district court abused its discretion by sua sponte amending the charge to aiding and assisting and that he was substantially prejudiced by that decision. The district court may allow a charge to be amended "at any time before verdict or finding if no additional or different offense is charged and if the defendant's substantial rights are not prejudiced." Minn. R. Crim. P. 17.05. The Minnesota Supreme Court has concluded that rule 17.05 gives the district court authority to sua sponte amend a complaint. *State v. Ostrem*, 535 N.W.2d 916, 922 (Minn. 1995). Such a decision is reviewed for an abuse of discretion. *See id.*

First, this court looks at whether the addition of the aiding and assisting charge constituted an "additional or different offense." *Id.* (quotation omitted). According to *Ostrem,* "[i]t is undisputed that aiding and abetting is not a separate substantive offense." *Id.* Appellant argues that this case is different from *Ostrem* because aiding and abetting is a specific intent crime, while setting a trap without identification is a strict-liability

6

offense. But appellant's argument is based on the premise that he was convicted under the criminal aiding-and-abetting statute, Minn. Stat. § 609.05, which, as discussed above, does not apply to petty misdemeanors. We agree with respondent that aiding and assisting a violation of the game and fish laws under Minn. Stat. § 97A.301, subd. 1(2), is a strict-liability offense. The statute is silent as to mens rea, and the offense carries small penalties. *See State v. Ndikum*, 815 N.W.2d 816, 822 (Minn. 2012) (explaining that offenses with "small penalties like fines and short jail sentences . . . logically complement the absence of a mens rea requirement") (quotation omitted).

Because there is no substantive difference between the two offenses at issue here, appellant was not charged with "an additional or different offense," nor were his substantial rights prejudiced. *See Ostrem*, 535 N.W.2d 916, 923 (stating that substantial rights are not prejudiced if the amended charge does not add to or change the substantive offense).

**Affirmed.**